966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Vassel George LOWE, Appellant.
Vassel George LOWE, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 91-3200.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 13, 1992.
Filed: June 22, 1992.
 
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Vassel George Lowe pled guilty to one count of possessing crack with intent to distribute, in violation of 21 U.S.C. § 841(b) (1988), and received a forty month sentence, due to a U.S.S.G. § 5K1. 1 substantial assistance downward departure requested by the Government. Three months later, Lowe pled guilty to a separate count of possessing crack that occurred before the conduct causing the first conviction. Lowe received the statutory minimum sentence of sixty months, to run concurrent with the first sentence, due to another § 5K1.1 departure requested by the Government. Lowe now appeals both convictions and sentences.[1] He alleges that prosecutorial misconduct and ineffective assistance of counsel created two separate indictments which resulted in him receiving a longer sentence.
 
 
 2
 We fail to see how Lowe suffered any prejudice from the separate proceedings. Lowe received relatively short concurrent sentences because of two downward departures from the sentencing guidelines by the district court. Had the Government brought its charges against Lowe in one proceeding, he may have received a higher sentence. Lowe's claims do not merit further consideration, and we affirm. See 8th Cir. R. 47B.
 
 
 
 [1]
 Lowe directly appeals his second conviction from the district court. Lowe also filed a habeas corpus petition in the district court challenging the first conviction, which the district court denied. Lowe appeals from the district court's denial of his petition